BRYANT NICHOLS *v.* GEORGE JENKINS.

**Action—Pendency of Another Suit—Demurrer.**
   The pendency of another suit cannot be shown by demurrer, but must be taken advantage of by answer.

APPEAL FROM CALDWELL CIRCUIT COURT.

February 8, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The petition avers that he plaintiff purchased of defendant land at $1700, for which he gave his three several notes for $200, $310 and $800, and paid $400; that the defendant assigned the $200 note to Moore, and that subsequently being sued for a portion of the land by Weeks devisees under an adverse claim, to which the defendant was also a party, it was arbitrated and through mistake and oversight it was agreed that this plaintiff owed this defendant $1300, with its interest, entirely overlooking the fact that the $200 note had before been assigned. This acknowledged indebtedness of Nichols to Jenkins was transferred to Weeks devisees by way of cancelling their claim, and judgment rendered accordingly against Nichols, by which Jenkins was released of that much of his liability to Weeks devisees, and subsequently Moore, the assignee, recovered judgment on the $200 note against Nichols; whereupon he brought this suit, when Jenkins demurred:

   1. Because the petition "shows no cause of action."

2. Because there was another suit pending between the same parties for the same cause of action.

As the pendency of another suit could not be shown by demurrer, but must be taken advantage of by answer.

We will confine the consideration of the case entirely to the first assigned cause of demurrer.

There is not nor need be an averment that the plaintiff had paid the $200 note; when the arbitration was made the defendant only held plaintiff's notes for $1100; when, therefore, the plaintiff cancelled Jenkins obligation to Weeks devisees for two hundred dollars more than he owed him, it was that much money paid and laid out to Jenkins use, and an action could be maintained on it without even averring that Moore had recovered a judgment.

Jenkins evidently got $200 more than he was entitled to, if the statements of the petition be true, and is responsible either to Moore or plaintiff—we think to the latter; it was therefore erroneous to sustain the demurrer, and the judgment is reversed, with directions for further proceedings as indicated.

*James R. Hewlett, for appellant.*